UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE SANTOS ARIAS SORTO,

                Petitioner,

      v.

MARKWAYNE MULLIN, *et al.*,

                Respondents.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-2093 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On April 9, 2026, petitioner Jose Santos Arias Sorto ("Petitioner") filed a petition for writ of habeas corpus against Respondents Markwayne Mullin and Officer Montgomery (collectively, "Respondents").[1] *See generally* Verified Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks immediate release from custody, challenging the lawfulness of his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") under the Immigration and Nationality Act ("INA") and the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"). *Id.* ¶¶ 15-20. On March 27, 2026, Petitioner was arrested by ICE officers and is currently detained at the Brooklyn Metropolitan Detention Center ("MDC Brooklyn"). Pet. ¶¶ 1, 11; Letter from Respondents to the Court (Apr. 14, 2026) at 2, Dkt. 7 ("Opposition" or "Opp'n"); Declaration of Supervisory Detention and Deportation Officer Frank Franco ¶¶ 16-17, Dkt. 7-1 ("Franco Declaration" or "Franco Decl.").

---

[1] A habeas petition should name as the respondent "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. Pursuant to the default "immediate custodian rule," "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004). However, "this rule is 'not jurisdictional in the sense of a limitation on subject-matter jurisdiction.' . . . Therefore, the Government may waive objections to the immediate-custodian rule." *Skaftouros v. U.S.*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) (quoting *id.* at 451-52 (Kennedy, J., concurring)). There is no dispute that Petitioner is detained at a facility within the Court's jurisdiction. Therefore, the Court proceeds to examine the Verified Petition for Writ of Habeas Corpus on the merits.

For the following reasons, the Petition is granted, and Respondents are ordered to immediately release him from custody.

## BACKGROUND[2]

Petitioner is a citizen of Honduras who entered the United States in February 1999.  Pet. ¶ 5.  On February 26, 1999, Petitioner was served with a Notice to Appear ("NTA") that charged him "as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(A)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  Franco Decl. ¶¶ 4-5.  Petitioner "is eligible for an immigration benefit called 'Parole in Place' as the parent of a military service member that allows him to be considered 'paroled' into the United States and therefore eligible to adjust his status to that of a lawful permanent resident . . . under 8 U.S.C. [§] 1255(a)."  Pet. ¶ 9.

On December 9, 2019, an Immigration Judge ordered that Petitioner be removed to Honduras.  Franco Decl. ¶ 9  Petitioner subsequently filed an appeal which "is currently pending" with the Board of Immigration Appeals.  *Id.* ¶¶ 9-10; Pet. ¶ 12.

On December 27, 2004, Petitioner was arrested for driving while intoxicated and operating a motor vehicle with a blood alcohol content of 0.08% or more.  Franco Decl. ¶ 11.  He pled guilty, paid a $500.00 fine, and his license was revoked.  *Id.*  On May 23, 2013, Petitioner was arrested and charged with criminal obstruction of breathing, and on August 21, 2014, the criminal matter was dismissed.  *Id.* ¶ 12.  On April 3, 2014, Petitioner was arrested for driving without a license and pled guilty on March 3, 2015.  *Id.* ¶ 13.  On March 10, 2022, Petitioner was arrested for driving while intoxicated and operating a motor vehicle with a blood alcohol level of 0.08% or more.  *Id.* ¶ 14.  He pled guilty, paid a $500.00 fine, and his license was revoked.  *Id.*  On May 11, 2025,

---

[2] The facts of this case are undisputed unless otherwise indicated.

Petitioner was arrested for driving while intoxicated, for which he was convicted and sentenced to one year of probation. *Id.* ¶ 15; Pet. ¶ 11.

On March 27, 2026, ICE officers "executed a Form I-200, Warrant for Arrest of Alien" ("I-200"). Franco Decl. ¶ 16. ICE officers "arrested Petitioner after he appeared at his scheduled appointment at the Sullivan County Probation Office," and he "was transported to the Newburgh Holding facility." *Id.* Petitioner is currently detained at the MDC Brooklyn. *Id.* ¶ 17.

## DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("Section 1226") or 8 U.S.C. § 1225 ("Section 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

### A. Statutory Basis for Petitioner's Detention

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings). Thus, the Court's position on whether Section 1226 or Section 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira*

*Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v. Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026); *Jimenez Carrillo v. Noem*, 26-CV-1259 (OEM), 2026 WL 747015 (E.D.N.Y. Mar. 17, 2026); *Singh v. Maldonado*, 26-CV-1571 (OEM), 2026 WL 850670 (E.D.N.Y. Mar. 27, 2026); *Agudelo Silva v. Maldonado*, 26-CV-1709 (OEM), 2026 WL 850687 (E.D.N.Y. Mar. 27, 2026); *Villanueva Hernandez v. Mullin*, 26-CV-1822 (OEM), 2026 WL 891623 (E.D.N.Y. Apr. 1, 2026); *Gomez-Talero v. Maldonado*, 26-CV-1625 (OEM), 2026 WL 926145 (E.D.N.Y. Apr. 6, 2026).

The Court is not persuaded by the authorities provided by Respondents, and the parties do not dispute that there are no distinguishing facts as to Petitioner in this case. *See* Opp'n at 2-3. *See generally* Pet. The Court maintains that *Saamishvili v. Flanagan*, 25-cv-6178 (BMC), 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) is unpersuasive, *see Acuapan*, 2026 WL 507889, at *4, and remains non-binding, as are the Fifth and Eighth Circuit decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 25-3248, 2026 WL 819258 (8th Cir. 2026), respectively. Accordingly, for reasons consistent with the majority view, the Court finds that mandatory detention under Section 1225 is inapplicable to Petitioner and that discretionary detention under Section 1226 governs Petitioner's detention. *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & Appendix A (S.D.N.Y. 2025) (collecting cases).

**B. Due Process**

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner on March 27, 2026. *See* Pet. ¶¶ 13, 16; Opp'n at 3. Although Petitioner has criminal convictions, Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk and do not provide any information indicating that the Government made an individualized determination based on Petitioner's criminal history prior to his detention. *See generally* Opp'n; *see Doumbouya v. Francis*, 26-cv-1595 (ER), 2026 WL 594201, at *1 (S.D.N.Y. Mar. 2, 2026) (where the respondents did not argue that the petition was detained based on an individualized determination regarding his criminal history and nothing in the record suggested that they did).

Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, however, Respondents do not assert, and the record does not indicate, that Petitioner is a flight risk. He has lived in the United States since 1999, is subject to an immigration benefit known as "Parole in Place," and has complied with his county court probation. Pet. ¶¶ 5, 9, 11; Franco Decl. ¶ 16. Respondents also do not assert that he is a danger to the community. *See generally* Opp'n. Petitioner paid the fines for his prior convictions and has complied with the probation mandated in his 2025 conviction. *Cf. Cabrera Galdamez v. Mayorkas*, 22 Civ. 9847 (LGS), 2023 WL 17777310, at *7 (S.D.N.Y. Feb. 6, 2023) (analyzing the petitioner's danger to the community under the third *Mathews* factor to conclude that the petitioner did not pose a danger to the community because his only conviction was from years prior, for which he served four months

and paid a fine).  Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights.  *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at \*15.  Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy.  *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at \*15.

## CONCLUSION

For the foregoing reasons, Petitioner's request for immediate release from custody is granted.  Respondents are ordered to immediately release Petitioner from custody.  By April 17, 2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

April 17, 2026
Brooklyn, New York

7